**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------X

GO NEW YORK TOURS, INC. d/b/a
"TOPVIEW SIGHTSEEING",

Plaintiff, Case No. 1:22-CV-10633-RA

-against-

AURORA TOURISM SERVICES, LLC d/b/a "NY ICONIC TOURS" AND "NY ICONIC CRUISES" and OLUWABAMISE L. JEGEDE,

Defendants.

--------------------------------------------------------------X

**DECLARATION OF STEVEN B. ROSS IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**STEVEN B. ROSS,** an attorney duly licensed to practice law in the Courts of the State of New York, affirms under penalty of perjury that the following statements are true:

1. I am a partner in the law firm of Ross & Asmar LLC, attorneys for the Defendants Aurora Tourism Services, LLC d/b/a NY Iconic Tours and NY Iconic Cruises and Oluwabamise L. Jegede. Our office is located at 799 7th Avenue, 23rd Floor S., New York, NY 10017.

2. I respectfully submit this Declaration in support of Defendant's motion for a temporary restraining order and enjoining Plaintiff Go New York Tours, Inc. d/b/a Topview Sightseeing during the pending action and for such further period as may be provided by order of the Court:

(1) Ordering that Plaintiff, all employees, agents and/or persons otherwise working for or affiliated with Plaintiff not assault, harass, bother, threaten, or intimidate any Defendant or any of Defendants' employees or agents;

(2) Ordering that Plaintiff, all employees, agents and/or persons otherwise working for or affiliated with Plaintiff not interfere with or obstruct the business or business activities of any Defendant;

(3) Ordering that Plaintiff and all employees, agents and/or persons otherwise working for or affiliated with Plaintiff not bother, threaten, intimidate, harass and/or interfere with Defendant 's customers and potential customers.

3. I have been advised by the Defendants (and as set forth more specifically in the Declaration of Defendant Oluwabamise L. Jegede in support of this application) that in the last several weeks employees and/or agents of the Plaintiff are actively interfering with Defendant's lawful business by physically standing near Defendant's buses where they verbally and physically harass the Defendant's employees and customers and will often stand in front of Defendant's buses, preventing them from moving.

4. Plaintiff's history of harassing Defendant's employees and customers has gone on for several years' but their unlawful and threatening conduct has increased dramatically in recent weeks to the point that it is necessary to ask this Court to issue a restraining order to stop this behavior and to hold Plaintiff liable if the order is violated.

5. As has been submitted to the Court, employes of Plaintiff stand on the sidewalk in front of Defendant's buses in Topview jackets with Topview signs directly interfering with Defendant's customers in an attempt to confuse them and lead them away from Defendant's buses to Topview buses.

6. While this ongoing interference is a direct infringement on Defendant's ability to conduct business, it now appears that the acts of Plaintiff's employees have risen to a far more dangerous situation as it is alleged that one of Plaintiff's employees physically assaulted the Defendant and his son and was subsequently arrested for that assault. This alleged physical assault, which took place on April 27, 2023, was caught on video (available to the Court for viewing) and shows not only the physical danger that Defendant is now subject to but also the danger to the

general public that now exists. A copy of the Criminal Complaint is annexed hereto as Exhibit "B".

7. I have been advised by Defendant that in addition to the physical assault, Plaintiff's employees consistently engage in verbal harassment, verbal threats and often physically stand in front of Defendant's buses preventing them from moving forward, creating an ongoing danger to our employees and the general public. This harassment extends to Defendant's customers in that they actively approach customers waiting to board their buses and some who are actually on Defendant's buses, denigrate their use of Defendant's bus and encourage those customers to demand their money back.

9. It is respectfully requested that this Court issue a temporary injunction enjoining the Plaintiff as requested in the proposed order.

**DATED:** New York, New York
May 19, 2023

Steven B Ross