**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
GO NEW YORK TOURS, INC., *d/b/a*
"TOPVIEW SIGHTSEEING,"

                            Plaintiff,                        **ORDER**

                        -against-                      **22-cv-10633 (DEH) (JW)**

AURORA TOURISM SERVICES, LLC,
*d/b/a* "NEW YORK ICONIC TOURS" and
"NY ICONIC CRUISES," and
OLUWABAMISE L. JEGEDE,

                            Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

    On December 5, 2023, Plaintiff filed a letter seeking to compel document production from Defendants. Dkt. No. 107. After hearing no timely objections from Defendants, this Court granted Plaintiff's request for production as unopposed on December 13, 2023. Later on December 13th, Defendants' counsel filed a letter stating that counsel was out of town and was not aware that a response was required per this Court's Individual Practices. Dkt. No. 109. Defendants' letter (i) requested an extension to December 19, 2023, to respond to Plaintiff's request for production and (ii) asked that this Court schedule a discovery conference on the issues presented. Dkt. No. 109. Defendants' request for an extension to respond to Plaintiff's letter, as well as the request for conference are DENIED.

    Defendants' excuses for failure to timely respond to Plaintiff's letter motion are unsatisfactory and unpersuasive. This action has been pending for over a year and this Court has heard from the Parties on multiple occasions. See, e.g., Dkt. No. 68.

This Court presumes familiarity with its Individual Practices and cautions counsel to be more diligent in the future. As Defendants' objections were not timely filed, this Court could disregard them on that basis. However, despite the belated submission, the Court has considered the merits of the arguments raised.

"A district court has wide latitude to determine the scope of discovery[.]" In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 103 (2d Cir.2008). Parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "The burden of demonstrating relevance is on the party seeking discovery . . . Once relevance has been shown, it is up to the responding party to justify curtailing discovery." Trilegiant Corp. v. Sitel Corp., 275 F.R.D. 428, 431 (S.D.N.Y.2011) (citation omitted). "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." Id. (quoting Melendez v. Greiner, No. 01 Civ. 7888, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003)).

Upon review, many of Defendants' objections are conclusory and would not have affected this Court's prior ruling compelling production. However, this Court notes that Defendants have credibly argued that the documents sought regarding (i) traffic tickets, (ii) Department of Transportation bus stop licenses, (iii) meetings with

the Department of Consumer Affairs, and (iv) the advertising of "hop on, hop off" bus tours are irrelevant or disproportional to the needs of this case.  In this Court's view, the other requests that Defendants oppose are clearly relevant and discoverable.

This Court's prior order at Dkt. No. 108 stands.  The Parties are directed to meet and confer regarding discovery of the four discrete issues flagged above. Defendants may seek a protective order pursuant to Fed. R. Civ. P. 26(c) regarding the requested documents if the Parties are unable to come to a resolution by the previously ordered **December 29, 2023** deadline.

SO ORDERED.

DATED:   New York, New York
         December 20, 2023

*Jennifer E. Willis*
_____
JENNIFER E. WILLIS
United States Magistrate Judge