**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GO NEW YORK TOURS, INC. d/b/a "TOPVIEW SIGHTSEEING",<br><br>Plaintiff,<br><br>-against-<br><br>AURORA TOURISM SERVICES, LLC d/b/a "ICONIC TOURS" AND "NY ICONIC CRUISES and OLUWABAMISE L. JEGEDE,<br><br>Defendants | Civil Action No.: 1:22-CV-10633 (RA)(JW)<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS'/COUNTERCLAIM PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF <u>DOCUMENTS</u>** |

Plaintiff Go New York Tours, Inc. d/b/a TopView Sightseeing ("Go New York" or "Plaintiff"), by its undersigned attorneys, hereby responds and objects to Defendants Aurora Tourism Services, LLC d/b/a "NY Iconic Tours" and "NY Iconic Cruises" ("Iconic" or "Aurora"), and Oluwabamise L. Jegede (collectively with Iconic, "Defendants") Second Request for Documents dated April 10, 2023 (the "Document Requests").

## GENERAL RESPONSES AND QUALIFICATIONS

These General Responses and Qualifications are an integral part of and are incorporated into each and every one of Go New York's responses to the individually numbered document requests forth below and any and all further or supplemental responses to the requests, as if set forth fully and at length in each response.

1. By responding or disclosing information or documents in response to any interrogatory or document request, Go New York does not waive, and hereby expressly reserves, any objections interposed herein, any further objections to any discovery demands and notices, its right to seek relief from the Court with respect to any discovery demands or notices, and objections to the admission of any documents or information so obtained into evidence at trial.

2. By agreeing to produce documents responsive to any specific request, Go New York does not thereby represent that any such documents exist within its possession, custody, or control, but represents only that it will search for such responsive documents and produce any responsive, non-privileged documents that may be found.

3. Go New York does not intend to waive and hereby expressly reserves all applicable privileges and other exemptions from disclosure. In the event of inadvertent production of privileged materials by Go New York, the receiving parties must, promptly upon learning of such inadvertent production whether by means of notice from Go New York or upon discovery by the receiving parties or their counsel, return such materials to Go New York and destroy any copies remaining in their possession, custody, or control.

4. Go New York reserves its right to amend and/or supplement its responses and objections to the Requests.

5. Go New York objects to producing documents until such time as the Court rules on Go New York's application for a protective order governing confidentiality of materials exchanged during discovery.

6. Go New York objects to the extent these requests cover time periods prior to January 1, 2022, as Defendants were not operating tour buses in New York City prior to that date and the alleged violations of law at issue in this case occurred after January 1, 2022.

7. Go New York objects to the extent that Defendants' requests suggest a false equivalency between documents relevant to Go New York's claims, and documents relevant to Defendants' counterclaims and defenses, particularly because Defendants have not asserted claims for trademark infringement or other violations of intellectual property rights, nor have Defendants claimed that Go New York wrongfully impersonated Defendants.

**RESPONSES TO INDIIVDUAL REQUESTS**

1. All documents and communications that you identified, relied upon, reviewed, referenced, or otherwise consulted in connection with your Go New York Initial Disclosures, and/or in connection with Plaintiffs' responses to these Requests for Production.

**Response**: Go New York has previously produced all responsive, non-privileged documents.

2. Go New York's certificates or articles of incorporation, corporate charters, licenses and authorities to conduct business, corporate and business registrations, and any other licenses, business registrations, or business permits issued by, or filed on its behalf, with any local, state, federal, or other government authority.

**Response**: Go New York will produce responsive, non-privileged documents relating to its operations in New York City. Go New York otherwise objects to this request on grounds of relevancy.

3. Go New York's by-laws, shareholder agreements, operating agreements, consents, resolutions, and minutes of meetings of your Board of Directors, shareholders, or partners.

**Response**: Go New York will produce responsive, non-privileged documents. While our investigation is ongoing, at present its is believed that no such documents exist.

4. All documents concerning any claims or lawsuits involving Go New York.

**Response:** Go New York objects on the ground that this request is overbroad and retaliatory, and seeks information not relevant to any claim or defense in this action. Unlike Defendants, Go New York is not accused in this litigation of operating an illegal, unsafe enterprise.

5. Documents relating to Go New York's application(s) for New York Department

of Transportation (the "DOT") permits for bus stops in New York City.

**Response:** Go New York has produced, or will produce, responsive, non-privileged documents.

6. Permits issued to Go New York by DOT for bus stops in New York City.

**Response:** Go New York has produced, or will produce, responsive documents.

7. Documents relating to rejections, if any, of applications to the DOT by Go New York for bus stops in New York City.

**Response**: Go New York is unaware of any responsive documents.

8. Documents sufficient to demonstrate the routes of Go New York's bus tours.

**Response:** Go New York has produced, or will produce responsive documents.

9. Documents sufficient to identify each bus stop along the routes of Go New York's bus tours.

**Response:** Go New York has produced, or will produce, responsive documents.

10. Documents sufficient to identify the Vehicle Identification Number of each vehicle presently or formerly owned by Go New York.

**Response:** Go New York objects to this request on grounds of relevancy and overbreadth.

11. Documents evidencing where buses owned or used by Go New York are parked and stored.

**Response**: Go New York objects to this request on the ground of relevancy.

12. Documents evidence where buses owned or used by Go New York are service.

**Response**: Go New York objects to this request on grounds of relevancy.

13. Documents sufficient to identify the address of Go New York's office(s).

**Response**: Go New York will produce non-privileged responsive documents.

14. Documents sufficient to identify the address(es) of property owned, leased and/or used by Go New York.

**Response**: Go New York will produce responsive, non-privileged documents.

15. Tickets issued by the New York City Police Department (the "NYPD") for parking violations by buses owned or operated by Go New York.

**Response**: Go New York objects on grounds of relevancy. Although Go New York has alleged in this litigation that Defendants have operated a rogue operation involving routine violations of parking and traffic rules, no such allegations have been made in this litigation about Go New York.

16. Tickets issued by the NYPD to owners or operators of Go New York buses for moving violations.

**Response**: See response to request no. 15.

17. Tickets issued by the New York City Department of Consumer Affairs (the"DCA") to Go New York, any employees of Go New York and/or any agents working on behalf of Go New York during the relevant time period.

**Response**: Go New York objects on grounds of relevancy. Although Go New York has alleged in this litigation that Defendants have operated a rogue operation involving routine violations of the rules and regulations of the New York City Department of Consumer and Worker Protection (the "DCWP"), the successor to the DCA, no such allegations have been made in this litigation about Go New York.

18. Documents relating to any DCA meetings attended by Go New York or on its behalf.

**Response**: See response to request no.17.

19. Documents sufficient to identify the names and addresses of all persons working for or behalf of Go New York to sell tickets for bus tours. This request shall specifically include employees of Go New York, third-party agents, and/or any other person selling tickets for Go New York's bus tours.

**Response**: Go New York will produce responsive, non-privileged documents.

20. Documents sufficient to identify the method by which Go New York compensates any person or entity for ticket sales to its bus tours. This request shall specifically include employees of Go New York, third-party agents, and/or any other person selling tickets for Go New York's bus tours.

**Response**: Go New York will produce responsive, non-privileged documents showing the methods by which ticket sellers and ticket agents are compensated.

21. Documents reflecting compensation paid to any person working on behalf of Go New York to sell tickets to customers for its bus tours during the relevant time period. This request shall specifically include employees of Go New York, third-party agents, and/or any other person selling tickets for Go New York's bus tours.

**Response**: Go New York objects to this request as overbroad and seeking information irrelevant to any of Iconic's defenses or counterclaims.

22. Documents sufficient to identify all sales of bus tickets by Go New York during the relevant time period. This request shall specifically include employees of Go New York, third-party agents, and/or any other person selling tickets for Go New York's bus tours.

**Response**: Go New York objects on the ground of relevance. There are no allegations in this case that Go New York has violated any intellectual property belonging to Defendants.

23. Documents relating to customer complaints about Go New York's bus tours.

**Response**: Go New York objects on grounds of relevance.

24. Tax documents maintained by and/or provided to any person hired by Go New York to market and/or sell tickets to Go New York bus tours. This request shall specifically include employees of Go New York, third-party agents, and/or any other person selling tickets

for Go New York's bus tours. This request shall also expressly include 1099 forms, I-9 forms and/or or W-2 wage statements.

**Response**. Go New York objects on the ground that this request is overbroad and seeks information irrelevant to any of Iconic's defenses or counterclaims.

25. Documents relating to the creation of any materials used by Go New York to market its services to customers during the relevant time period. This request shall specifically include employees of Go New York, third-party agents, and/or any other person selling tickets for Go New York's bus tours.

**Response**: Go New York objects on grounds of relevance. There are no allegations in this case that Go New York violated intellectual property rights or engaged in false and misleading advertising. This request also seeks information irrelevant to any of Iconic's defenses or counterclaims.

26. Examples of all materials used by Go New York to market its sales of tickets for its bus tours.

**Response**: See response to request no. 25.

27. Documents relating to the creation, design and/or printing of maps for Go New York.

**Response**: Go New York will produce responsive, non-privileged documents.

28. Invoices issued to Go New York for the creation, design and/or printing of maps for Go New York.

**Response**: Go New York objects on ground of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

29. Documents reflecting payments for the creation, design and/or printing of maps for Go New York.

**Response**: Go New York objects on the ground of relevance. This request

seeks information irrelevant to any of Iconic's defenses or counterclaims.

30. A copy of each and every map created for or by Go New York in connection with its bus tours.

**Response**: Go New York objects on the ground that this request is overbroad and unduly burdensome. Go New York will produce maps created by or for Go New York in 2022.

31. A copy of each map handed out by anyone on behalf of Go New York to potential customers.

**Response**: Go New York objects on the ground that this request is overbroad and unduly burdensome. Go New York will produce representative copies of maps handed out during 2022 to potential and actual customers.

32. Documents relating to the creation, design, and/or printing of brochures, flyers or rack cards created by Go New York to market and/or sell tickets to its bus tours.

**Response**: Go New York will produce responsive documents.

33. Invoices issued to Go New York for the creation, design and/or printing of brochures, fliers and/or rack cards for Go New York.

**Response**: Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

34. Documents reflecting payments for the creation, design and/or printing of brochures, fliers and/or rack cards for Go New York.

**Response**: Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

35. A copy of each and every brochure, flyer and/or rack card created for or by Go New York in connection with its bus tours.

**Response**: Go New York object on the ground that this request is overbroad and unduly burdensome. Go New York will produce copies of brochures, flyers or rack cards created for or by Go New York, or used by Go New York, in 2022.

36. Documents sufficient to identify the number of brochures, flyers and/or rack cards printed by Go New York in connection with its bus tours.

**Response**: Go New York objects on grounds of relevance. There are no allegations in this case that Go New York violated Iconic's intellectual property rights. This request also seeks information irrelevant to any of Iconic's defenses or counterclaims.

37. A copy of each and every brochure, flyer or rack cards used by Go New York to market and/or sell tickets to its bus tours, including, but not limited to, a copy of each and every brochure in possession of Go New York (whether or not such brochure was created or paid for by Go New York).

**Response**: Go New York objects on the ground that this request is overbroad and unduly burdensome. Go New York will produce representative copies of the brochures, flyers, and rack cards which it used during 2022.

38. A copy of each brochure, flyer or rack card handed out by anyone on behalf of Go New York in connection with its bus tours.

**Response**: See response to request 37.

39. Invoices issued to Go New York for the creation, design and/or printing of brochures, flyers and/or rack cards for Go New York.

**Response**: Go New York objects on grounds of relevancy. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

40. Documents reflecting payments for the creation, design and/or printing of brochures, flyers and/or rack cards for Go New York.

**Response**: Go New York objects on grounds of relevancy.

41. A copy of each and every sign created for or used by Go New York in connection with its bus tours.

**Response**: Go New York objects on the ground that this request is overbroad and unduly burdensome. Go New York will produce representative copies of each sign it used during 2022.

42. Documents sufficient to identify the number of signs printed by Go New York in connection with its bus tours.

**Response**: Go New York objects on grounds of relevancy. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

43. A copy of each and every sign used by Go New York to market and/or sell tickets to its bus tours.

**Response**: See response to request No. 41.

44. A copy of each sign used by anyone on behalf of Go New York in connection with its bus tours.

**Response**: See response to request No. 41. Invoices issued to Go New York for the creation, design and/or printing of signs for Go New York.

**Response**: Go New York objects on grounds of relevancy. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

45. Documents reflecting payments for the creation, design and/or printing of signs for Go New York.

**Response**: Go New York objects on grounds of relevancy. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

46. Documents sufficient to indicate any and all platforms where Go New York's tickets or products are sold including, but not limited to, street sales, websites, third party partners such as Groupon or Viator.

**Response**: Go New York objects on grounds of relevancy. There are no allegations in this case that Go New York violated intellectual property rights of Iconic or engaged in false advertising. This request also seeks information irrelevant to any of Iconic's other defenses or counterclaims.

47. A list of all ticket sellers who have worked with Go New York including First Name, Last Name, and DCA Ticket Seller License Number, and a list of all such ticket sellers who did not have DCA Ticket Seller Licenses.

**Response**: Go New York will provide a list of ticket sellers during the year 2022. Go New York is unaware of any ticket sellers who did not have DCA/DCWPTicket Seller Licenses and who sold tickets for Go New York. Go New York otherwise objects to this request as overbroad and seeking irrelevant information.

48. Documents relating to the design, creation and/or publication of Go New York's website(s) advertising the sale of bus tours by Go New York.

**Response**: Go New York objects on grounds of relevance. Go New York will produce representative copies of its web-site advertisements during 2022.

49. Documents sufficient to identify all persons with administrator access to websites used by Go New York to advertise and/or sell tickets for bus tours.

**Response**: Go New York objects on grounds of relevance. There are no allegations in this case that Go New York violated intellectual property rights or engaged in false advertising. This request also seeks information irrelevant to any of Iconic's defenses or counterclaims.

50. Documents reflecting the use of the words "Aurora" and/or "Go New York" by Go New York in connection with the marketing or sale of tickets to its bus tours.

**Response**: See response to Request No .50. Further, this request is overbroad and unduly burdensome with respect to "Go New York". Go New York avers that it

never used the words "Aurora" or "Iconic" in its advertisements and marketing activities. To the contrary, Go New York has objected to attempts by Iconic and Aurora to impersonate Go New York, and use Go New York's names and trademarks in Go New York's advertisements and marketing activities. This request also seeks information irrelevant to any of Iconic's defenses or counterclaims.

51. Documents reflecting the advertisement of "hop on, hop off" bus tours by Go New York.

**Response**: Go New York objects on grounds of relevance. There is no allegation in this case that Go New York engaged in false advertising or violated intellectual property rights of Iconic .

52. Documents reflecting commission payments made by Go New York to any person selling tickets to Go New York's bus tours. This request shall specifically include employees of Go New York, third- party agents, and/or any other person selling tickets for Go New York's bus tours.

**Response**: Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

53. Documents sufficient to identify the names of anyone selling bus tickets for GoNew York's bus tours. This request shall specifically include employees of Go New York, third- party agents, and/or any other person selling tickets for Go New York's bus tours.

**Response**: Go New York objects on the ground that this request is overbroad seeks irrelevant information. There is no allegation in this case that Go New York violated intellectual property rights or otherwise engaged in false advertising. This request also seeks information irrelevant to any of Iconic's defenses or counterclaims.

54. Documents sufficient to identify the number of sales by Go New York for bus tours by day, month, quarter and annually.

**Response**: Go New York objects to this request as overbroad and not reasonably calculated to obtain relevant information. Nonetheless, Go New York will provide responsive documents for the years 2022 and 2023.

55. Documents sufficient to identify the amount of sales by Go New York for bus tours online versus street sales.

**Response**: See response to request no. 54.

56. Documents sufficient to identify the method by which Go New York records the amount of tickets sold for bus tours by day, month, quarter and/or annually.

**Response**: Go New York objects on grounds of relevancy. This request also seeks information irrelevant to any of Iconic's defenses or counterclaims.

57. Documents sufficient to show the amount of revenue booked by Go New York for sales for bus tours by day, month, quarter, quarter and/or annually.

**Response**: See response to request no 54.

58. Documents relating to the recruitment and/or hiring of ticket agents for Go New York.

**Response**: Go New York objects on grounds of relevancy. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

59. Documents relating to the recording of hours worked by ticket agents for Go New York. This request shall specifically include employees of Go New York, third-party agents, and/or any other person selling tickets for Go New York's bus tours.

**Response**: Go New York objects on grounds of relevancy. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

60. Documents relating to applications to Go New York to work as ticket agents. This request shall specifically include employees of Go New York, third-party agents, and/or any other person selling tickets for Go New York's bus tours.

**Response**: Go New York objects on grounds of relevancy. There is no

allegation in this case that Go New York attempted to impersonate Iconic. This request also seeks information irrelevant to any of Iconic's defenses or counterclaims.

61. Documents sufficient to identify each and every person hired by Go New York to market and/or sell tickets to Go New York bus tours. This request shall specifically include employees of Go New York, third-party agents, and/or any other person selling tickets for Go New York's bus tours.

**Response**: Go New York objects on grounds of relevancy. Go New York will identify its ticket sellers during 2022.

62. Documents sufficient to identify each and every person working for or on behalf of Go New York to market and/or sell tickets to Go New York bus tours. This request shall specifically include employees of Go New York, third-party agents, and/or any other person selling tickets for Go New York's bus tours.

**Response**: Go New York objects on grounds of relevancy. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

63. Copies of licenses and/or documents reflecting the license number for each ticket agent working for Go New York

**Response**: Go New York objects on grounds of relevancy. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

64. Documents relating to instructions, manuals, guides and/or rules provided by Go New York to ticket agents. This request shall specifically include employees of Go New York, third-party agents, and/or any other person selling tickets for Go New York's bus tours.

**Response**: Go New York objects on grounds of relevancy. There are no allegations in this case that Go New York attempted to impersonate Aurora or Iconic, nor are there allegations that Go New York engaged in false and misleading advertising.

65. Documents relating to competition between Go New York and Iconic.

**Response**: Go New York objects on the ground that this request is vague and overbroad. Go New York will produce non-privileged documents that specifically discuss competition between Go New York and Iconic if such documents exist.

66. Documents relating to competition between Go New York, GrayLine and/or Big Bus

**Response**: Go New York objects to this request on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims. This request is also overbroad and vague.

67. Documents relating to communications with GrayLine and/or Big Bus.

**Response**: See response to request no. 67

68. Documents relating to the application(s) by Go New York for intellectual property rights from the United States Patent and Trademark Office (the "USPTPO") and/or the United States Copyright Office

**Response**: Go New York objects on the ground that this request is unreasonably burdensome, overbroad and seeks irrelevant information. Notwithstanding this objection, Go New York will identify its registered United States Trademarks, and pending trademark applications pending before the United States Patent and Trademark Office. Plaintiff can obtain access to the entire public file history of each such trademark and trademark application from the web-site maintained by the United States Patent and Trademark Office.

69. Documents relating to all intellectual property owned by Go New York, including but not limited to patents, trademarks, trade dress, copyrights and trade secrets.

**Response**: See response to request no 69. Go New York otherwise objects to this request as overbroad and not reasonably calculated to lead to admissible evidence.

Go New York avers that its web-sites, signs, brochures, and other marketing materials are protected by United States copyright law, its trade dress as embodied in the foregoing is protected by common law, and that it has not asserted claims in this action relating to patents or trade secrets. Go New York has produced, or will produce, representative copies of its web-sites, signs, brochures and other marketing materials.

70. Documents reflecting communications between Go New York and Aurora.

**Response**: Go New York will produce responsive non-privileged documents.

71. Documents reflecting communications regarding Aurora.

**Response:** Go New York will produce responsive, non privileged documents.

72. Communications regarding the instant lawsuit.

**Response**: Go New York objects on the ground that this request is overbroad and unreasonable in scope. Other than communications with the Court, all such communications known to Go New York are privileged, with the exception of documents which have already been produced concerning Aurora's misconduct as alleged in the complaint and as set forth in Go New York's motion for a preliminary injunction.

73. Documents reflecting customer confusion between Go New York and Aurora.

**Response:** Go New York has produced, or will produce, responsive documents.

74. Copies of each and every map, flyer, and or rack card in the possession of Go New York and any other person working on or behalf of Go New York for any companies offering bus tours other than Go New York including, but not limited, to Aurora, GrayLine, and or Big Bus.

**Response:** Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

75. Documents relating to uniforms provided by Go New York to any person working on its behalf including, but not limited to, ticket agents, bus drivers, and/or tour guides.

**Response:** Go New York objects on the ground that this request is overbroad and not reasonably calculated to lead to admissible evidence. Go New York avers that it provides uniforms to its ticket agents, bus drivers and tour guides, and it will produce documents sufficient to identify and describe such uniforms.

76. Documents relating to branded merchandise including, but not limited to, jackets, windbreakers, sweatshirts, shirts, and/or hats used by Go New York in connection with its tour bus services.

**Response**: Go New York objects on the ground that the term "branded merchandise" is vague. Go New York also objects on grounds of relevancy. Go New York avers that it does not market or sell any apparel containing its brand names or trademarks.

77. Invoices relating to Go New York 's purchase of uniforms or other branded merchandise.

**Response**: Go New York objects on grounds of relevance, and on the ground that the term "branded merchandise" is vague. See response to request no. 77.

78. Payments made by Go New York for the purchase of uniforms or other branded merchandise.

**Response**: Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

79. Documents reflecting payments made by Go New York to its employees or agents for uniform maintenance.

**Response**: Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

80. Documents reflecting the use of uniforms and/or other branded merchandise

from other companies offering tour bus services including, but not limited to, Aurora, GrayLine and Big Bus by anyone working for or on behalf of Go New York in connection with its bus tour services. This request shall specifically include employees of Go New York, third-party agents, and/or any other person selling tickets for Go New York 's bus tours.

**Response:** Go New York objects on grounds or relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims. Go New York is unaware of the use by any of its ticket agents or employees of uniforms or other items that include brands or trademarks of Aurora, Gray Line and/or Big Bus.

81. Go New York's profit and loss and financial statements for 2021, 2022, and 2023.

**Response:** Go New York objects on the ground that the term "financial statements" is vague and ambiguous. Go New York is a private company and does not generate audited financial statements. Go New York will produce summary data concerning its profits and losses for the years 2022 and 2023.

82. Go New York's tax returns for 2021 and 2022.

**Response:** Go New York objects on grounds of relevance. Go New York will meet and confer concerning request, and other requests for financial information.

83. Photographs, videos, or any other recordings taken by Go New York, concerning Aurora and/or the instant lawsuit.

**Response:** Go New York has produced, or will produced, non-privileged responsive documents.

84. Statements provided by anyone working on or behalf of Aurora.

**Response**: Other than statements made by Iconic officers and employees in connection with the preliminary injunction hearing, we are aware of no such statements.

85. Records of any disputes between ticket agents working for or on behalf of Go New York with ticket agents working for or on behalf of any other bus tour company in New York.

**Response**: Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

86. Documents reflecting insurance maintained any time by Go New York.

**Response**: Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

87. Documents reflecting insurance premiums paid by Go New York.

**Response**: Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

88. Documents reflecting claims filed by or on behalf of Go New York with any insurance company.

**Response**: Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

89. Documents reflecting leases of properties used by Go New York for storing, parking, maintaining or otherwise using buses.

**Response**: Go New York objects on grounds of relevance .This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

90. Any and all parking tickets received by Go New York.

**Response**: Go New York objects on grounds of relevance and that it is duplicative of request number 14.

91. License plates obtained and/or used by Go New York in connection with its buses.

**Response**: Go New York objects on grounds of relevance. This request seeks

information irrelevant to any of Iconic's defenses or counterclaims.

92. Documents reflecting the removal of a license plate from one Go New York bus and its placement on another Go New York bus

**Response**: Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

93. Documents reflecting the acquisition of buses used by Go New York, including the source of the buses, the price of the buses, and the written agreements transferring the buses to Go New York.

**Response**: Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

94. Any GPS records showing departures and arrivals of buses operated by Go New York.

**Response:** Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

95. Records showing schedules for buses operated by Go New York

**Response**: Go New York will produce responsive, non-privileged documents sufficient to show the schedule for buses operated by Go New York in 2022 and 2023.

96. Documents showing departure and arrival times for tours operated by Go New York.

**Response**: Go New York objects on grounds of relevance, overbreadth and undue burden. See response to request no. 96.

97. Documents reflecting consumer complaints concerning unreasonable delays

in connection with the departures and arrivals of Go New York buses.

**Response**: Go New York objects on grounds of relevance. There are no allegations in this case that Go New York impersonated Aurora. This request also seeks information irrelevant to any of Iconic's defenses or counterclaims.

98. Documents reflecting the locations at which Go New York has parked its buses, picked up passengers, and dropped off passengers.

**Response**: Go New York objects on grounds of relevance. This request is duplicative of Request 11 and seeks information irrelevant to any of Iconic's defenses or counterclaims.

99. Documents reflecting the price or prices Go New York has charged for bus tours.

**Response**: Go New York will produce responsive non-privileged documents.

100. Documents reflecting all websites owned or operated by Go New York.

**Response**: Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

101. All communications between Go New York and Groupon

**Response**: Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

102. Documents reflecting payments by Go New York to Groupon

**Response:**: Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

103. All communications between Go New York and Trip Advisor.

**Response**: Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

104. Documents reflecting payments by Go New York to Trip Advisor.

**Response**: Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

105. All New York State Division of Motor Vehicles bus registrations for vehicles owned or operated by Go New York, including date of issue, expiration date, termination date, and any renewals thereof.

**Response:** Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

106. Documents concerning the cancellation of any insurance policy relied upon by Go New York or otherwise associated with Go New York.

**Response**: Go New York objects on ground of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

107. Documents reflecting the educational background of Go New York 's owners and their family members.

**Response**: Go New York will produce responsive, non-privileged documents if they exist. At present, Go New York is unaware of any such documents.

108. Documents reflecting training provided by Go New York to drivers, ticket sellers, or others.

**Response**: Go New York will produce responsive, non-privileged documents.

109. Documents relating to or supporting any allegations set forth in Go New York 's Complaint and Reply pleadings.

**Response**: Go New York objects to this request as overbroad. Go New York will produce documents in its possession relevant to the claims and defenses in this litigation, and has already produced many such documents.

110. All documents and communications between Plaintiffs and another person or entity who is not a party to this litigation concerning any dispute over the use of intellectual property.

**Response**: Go New York objects on grounds of relevance and overbreadth.

111. All documents and communications constituting, showing, or concerning any actual or potential consumer or marketplace confusion concerning Go New York, Aurora, GrayLine and/or Big Bus.

**Response**: Go New York will produce responsive, non-privileged documents.

112. Documents concerning any claim made, or lawsuit brought against Go New York alleging violation of any party's intellectual property rights, including without limitation, patents, trademarks, trade dress, trade secrets or copyright.

**Response:** Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

113. Any and all postings or content posted by Plaintiffs or anyone on their behalf on social media platforms, websites, or applications, including, but not limited to, LinkedIn, Facebook, Instagram, Viator, Trip Advisor, or Twitter, that concern or otherwise depict the Aurora Mark, Aurora maps (or portions thereof),

**Response**: Go New York is unaware of any responsive documents. In any

event, Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

114. Go New York 's monthly profit and loss and income statements or records from January 1, 2014 to date.

**Response**: Go New York objects on grounds of relevancy. This request seeks information irrelevant to any of Iconic's defenses or counterclaims. Go New York further objects to the extent that this request assumes the existence of documents which may not exist. Go New York will produce data concerning its revenues and profits in 2022 and 2023.

115. Documents sufficient to show Go New York 's gross profits and net profits from January 1, 2014 to date.

**Response**: See response to Request No. 114.

116. Documents sufficient to show any dividends or other returns on investment paid to investors from January 1, 2014 to date.

**Response**: Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

117. Documents sufficient to show Go New York 's advertising expenditures.

**Response**: Go New York will produce responsive non-privileged documents for the years 2022 and 2023

118. All documents and communications concerning the creation, development, design, and implementation or launch of Go New York 's website(s).

**Response**: Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

119. All documents and communications concerning the acquisition or purchase of

the domain names on behalf of Go New York.

**Response**: Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

120. Documents reflecting, summarizing, or relating to any investigation you or anyone acting on your behalf conducted concerning the business operations and business practices of Aurora.

**Response**: Go New York has produced, and will produce responsive, non-privileged documents.

121. Any insurance policy that may cover one or more of Aurora's claims against Plaintiffs in this action.

**Response**: None

122. Documents relating to any studies or analysis you or an expert have conducted relating to the Aurora Mark

**Response**: Go New York objects on grounds of relevance. This request seeks information irrelevant to any of Iconic's defenses or counterclaims.

123. All written reports of any expert(s) whom Go New York has retained in this action, whether or not they may testify at trial, as well as all documents concerning facts and data relied upon by each such expert and any exhibits used to summarize or support the opinions of the expert witnesses

**Response**: Go New York objects on the grounds that this request is premature. Go New York further objects to the extent that this request would require production of attorney work product.

124. Documents which you intend to reply on at trial in support of your allegations

and defenses, or which to your knowledge are inconsistent with your allegations and defenses

**Response**: Go New York objects to this request as overbroad and premature.

**Date:** 3rd January, 2024

***/s/ Maurice N. Ross***
Maurice N. Ross
Attorneys for Plaintiff
*Go New York Tours, Inc.,*