UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GO NEW YORK TOURS, INC., d/b/a
"TOPVIEW SIGHTSEEING,",

                    Plaintiff,                    **ORDER**

                    -against-                 **22-CV-10633 (DH) (JW)**

AURORA TOURISM SERVICES, LLC,
d/b/a "NEW YORK ICONIC TOURS" and
"NY ICONIC CRUISES," and
OLUWABAMISE L. JEGEDE,

                    Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

    The Court is in receipt of a letter filed on May 16, 2024, at 5:29pm. Dkt. No. 142. The Court held a conference on April 18, 2024, and at that time directed the parties to meet and confer regarding the outstanding discovery that Plaintiff. Parties were to determine if they could reach a meeting of the minds as to what the items were, whether or not they existed. Defendants were then to produce the items by May 16, 2024. Further the Parties were to file a JOINT letter on May 16, 2024, detailing that the meet confer occurred and what consensus was reached regrading what items were outstanding. See Dkt. No. 137, page 23. At the conference, I further indicated that all document discovery was to be produced by May 16, 2024, absent "a compelling, extraordinary explanation." Id. at 20. The parties were also directed to discuss next steps and to formulate a schedule for depositions.

    The May 16, 2024, letter did not comply with my directives at the conference, as summarized in an order at docket number 136. First, the letter was NOT a joint

letter and was filed exclusively by Plaintiff. Second, it is utterly silent regarding the details requested by the Court. There is no indication whether the meet and confer occurred regarding Plaintiff's outstanding discovery requests. There is no indication whether there was agreement between the parties about what was outstanding. There is no indication whether the parties discussed a deposition schedule and if not, why not. And there is no explanation for why the letter is not joint. Instead, the letter gives a few limited examples of material Plaintiff's believe is outstanding without making clear whether Defendants have the documents and have failed to produce them or whether Defendants deny they exist. The letter also indicates that Plaintiff is now declining to produce discovery. Plaintiff also asks that the court order a deposition schedule be produced by May 17, 2024, despite the prior order which already directed the parties to propose a deposition schedule in the May 16, 2024, joint letter.

First, Plaintiff is ORDERED to file a letter by **12:00pm tomorrow (Friday, May 17, 2024)** detailing exactly what the court asked for at the conference—did a meet and confer take place regarding the outstanding items Plaintiff is demanding? Did Defendants agree that the items were outstanding? Did Defendants agree to produce the items? Did Defendants provide a timeline for production? Plaintiff is further ordered to provide any caselaw to support its view that it can simply "decline to produce" discovery required by the Federal Rules of Civil Procedure and ordered by this court simply because its opponent appears derelict in their own duties.

Defendants are ORDERED to file a letter by **5:00pm tomorrow (Friday, May 17, 2024)** to answer the same questions regarding the documents Plaintiff is seeking. Defendants are further ORDERED to provide a "compelling, extraordinary explanation" for why any outstanding material is still outstanding.

The letters are to be no more than three pages long.

SO ORDERED.

DATED:   New York, New York
         May 16, 2024

_____
JENNIFER E. WILLIS
United States Magistrate Judge