UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GO NEW YORK TOURS, INC., d/b/a
"TOPVIEW SIGHTSEEING",

                     Plaintiff,                       **ORDER**

                  -against-                     **22-CV-10633 (DEH) (JW)**

AURORA TOURISM SERVICES, LLC,
d/b/a "NEW YORK ICONIC TOURS" and
"NY ICONIC CRUISES," and
OLUWABAMISE L. JEGEDE,

                       Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

    There has been a history of discovery disputes in this matter.  As a result, on April 18, 2024, the Court held a discovery conference and directed the parties to meet and confer regarding outstanding discovery sought by Plaintiff.  Dkt. No. 137.  The Parties were to determine if they could reach a meeting of the minds as to what the items were and whether they existed.  If the items existed, Defendants were to produce them by May 16, 2024.  Two weeks before the deadline for Defendants production, the Parties filed a joint letter addressing discovery Plaintiff was set to produce and failed entirely to address the Courts order regarding Defendants production. Dkt. No. 141.  The Court issued a memo endorsement requiring another joint status letter by May 16, 2024.  Dkt. No. 142.

    On May 16, 2024, in violation of the Court's order, the Court received a *unilateral* letter from Plaintiff stating that Defendants produced some documents, but Plaintiff was unsatisfied with the production and therefore "declines to produce

any further documents." Dkt. No. 142. The letter also renewed Plaintiff's request to strike Defendants' Answer and Counterclaims, and requested that the Court direct the parties to submit a proposed schedule for depositions. Id. On May 17th, the Court issued an order directing the Parties to file letters detailing compliance with the Court's instructions from the April 18th conference, ordering Defendants to respond to Plaintiff's letter, and ordering Plaintiff to provide the Court with any relevant caselaw supporting its unauthorized decision to decline to produce documents.[1] Dkt. No. 144.

On May 17, 2024, prior to the Court's order, Defendants filed a letter informing the Court that they have produced all responsive documents in their possession and Plaintiff had not produced "a single document that plaintiff agreed to produce." Dkt. No. 143. Defendants' letter also requested the Court strike Plaintiff's complaint given the stated refusal to comply and if not, direct Plaintiff to comply with its agreed upon discovery production before Monday May 20, 2024. Defendants also stated they were available to schedule a continued deposition of the named Defendant. Id. Also on May 17th, but after the Court's order, Defendants agreed to file an additional letter in compliance with the Court's May 16th order. Dkt. No. 147.

On May 20, 2024, Plaintiff filed a letter arguing that while Defendants produced a small quantity of documents, the production was incomplete and listed categories of supposed missing documents. Dkt. No. 149. Plaintiff's letter then acknowledged Plaintiff's obligation to produce discovery but argues that Courts have

---

[1] The Courts Order was dated May 16, 2024, but was not uploaded onto the docket until May 17th.

the discretion to stay a case until a party complies with a court order.  Id. (citing Austin Theatre, Inc v. Warner Bros Pictures, Inc., 22 F.R.D. 302 (S.D.N.Y. 1958) and Scipione v. Advance Stores Co., 294 F.R.D. 659 (M.D. Fla. 2013)).

Also on May 20, 2024, Defendants filed a letter informing the Court that all documents within their possession have been produced, and an additional search for responsive documents occurred but yielded no results.  Dkt. No. 150.  Defendants also renewed their request to strike Plaintiff's complaint.  Id.

First, both cases cited by Plaintiff are instances where a court stayed discovery, halting one Party's obligation until the other complied with a court order.  Those cases do not support Plaintiffs unilateral decision to refuse to produce documents.  In the absence of a stay issued by this Court, Plaintiff has no authority to unilaterally inform this Court that it will not participate in discovery.

Second, Defendants have repeatedly represented to this Court that no responsive documents remain for production.  Dkt. Nos. 143, 150.  By contrast, Plaintiff admits that it has not complied with its discovery obligations.  Dkt. No. 149.  Defendants confirmed that failure, stating Plaintiff has not produced "a single document that [they] agreed to produce."  Dkt. No. 143.  Plaintiff is ordered to produce all previously agreed upon discovery **by February 5, 2025**.  Plaintiff shall file a letter to the Court on February 5th confirming compliance with this Order.  Defendants are permitted to file a reply letter within three days informing the Court of any missing material.  If Plaintiff does not comply with this Order, the Court shall issue an order

3

to show cause as to why this Court should not recommend this case be dismissed for failure to prosecute.

    SO ORDERED.

DATED:    New York, New York
            January 29, 2025

                                              JENNIFER E. WILLIS
                                              United States Magistrate Judge