**ANES, FRIEDMAN, LEVENTHAL & BALISTRERI**

**ATTORNEYS AT LAW, PLLC**

52 DUANE STREET, 7TH FLOOR
NEW YORK, NY  10007

_____

(212) 962-0360
TELECOPIER (FAX) 212-233-2740
E-MAIL:  cmb@aflblaw.com
Website:  AFLBLAW.COM

LEONARD C. FRIEDMAN (Retired) (1909-1979)
CHARLES M. BALISTRERI
RUBIN (1906-1991)
BRANDON J. WALTERS
_____

*OF COUNSEL*
MARK E. SCHAEFER (1950-2003)
HARVEY L. WOLL (1954-2018)
GERALD GOLDBERG, C.P.A.
THEODORE S. GOLDMAN (Retired)
ANTHONY R. MURRAY
  (admitted in NY, AZ and CA)
_____

MAX L. ANES
IRWIN G.
_____
LONG ISLAND OFFICE
P.O. BOX 407
ISLAND PARK, NY 11558
_____
(516) 889-7632

July 25 2025

Hon. Jennifer E. Willis
United States Magistrate Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**VIA ECF**

Re**:**    <u>Go New York Tours, Inc. v. Aurora Tourism Services, LLC, et al.
         No. 22‑cv‑10633 (DEH) (JW) — Defendants' Response to Plaintiff's Letter (Dkt. 161)</u>

Dear Judge Willis:

     Defendants respectfully submit this letter, together with the accompanying affirmation of Brandon J. Walters, Esq., in response to Plaintiff's March 24, 2025 letter at Dkt. 161, as directed by the Court's June 25, 2025 Order (Dkt. 170). The materials that Plaintiff claims are deficient were produced months ago in the related New York State Supreme Court Commercial Division action, *Aurora Tourism Services LLC v. Go New York Tours, Inc*., New York County Index No. 655686/2024, where the same counsel, Barton LLP, represents GONY as a defendant and counterclaim plaintiff. On May 19, 2025, Defendants served a rolling, Bates-stamped production comprising 857 pages (Bates 0001-0857) that included contracts, financial statements, regulatory filings, marketing materials, fleet records, and insurance certificates. Two days later, on May 21, 2025, Defendants provided a detailed index to 217 videos, along with a secure download link. Barton LLP acknowledged receipt of each transmittal.

     On‑site diligence conducted by counsel Brandon Walters, Esq. on July 18, 2025 at Aurora's sole business office located at 10 Times Square, New York, NY, confirmed both the completeness of those productions and the non‑existence of many categories of documents demanded by Plaintiff. During that three‑hour inspection, Mr. Walters interviewed owner

Oluwaseun "Lister" Jegede and his wife, Oluwatosin ("Ope") Jegede — the only individuals with administrative access to Aurora's business systems — and personally reviewed every physical and electronic record maintained on site. Mr. Jegede confirmed that Aurora is a single-member LLC with no bylaws, board minutes, resolutions, or operating agreement because he alone owns and manages the company. What ticket citations Aurora retained were produced and further ticket-violation files are available from the New York City Clerk at 66 John Street, New York.

Aurora's payroll is processed through the ADP online portal, which is the custodian of underlying time-clock data; Aurora itself keeps no internal copies. Compensation records in Aurora's possession, including Stripe payment ledgers, were produced on May 19, 2025 (Bates 0096-0100). Agents are compensated by redeeming ticket stubs — a practice already documented in prior productions and verified interrogatory responses.

Marketing and website administration are handled exclusively by Mrs. Jegede using an HP Envy laptop and the Outlook-based address contact@auroratourismservices.com hosted by GoDaddy.com; no third-party developers or agencies exist. Aurora's May 19, 2025 production included Aurora's advertising file, social-media capture, and vendor invoices, none of which contain Plaintiff's "Top View" mark.

Aurora has no e-mails with web developers or investigators, no trademark-infringement analyses, and no general ledger. Day-to-day driver scheduling occurs by text message from Mrs. Jegede's iPhone (347-920-9595) to individual drivers; those transient texts are not stored in any centralized database. Comprehensive searches were conducted for any documents referencing "Go New York," "GONY," or variations of Plaintiff's mark "TopView". No such documents exist. Similarly, no communications with competitors or internal employee communications regarding Plaintiff were found. Aurora's pricing is reflected solely in its advertising materials already produced; no separate pricing documents or rate sheets exist.

Social media accounts are administered directly by Mrs. Jegede through the platforms' native interfaces, with no third-party management tools or separate access credentials maintained.

Operational records produced likewise respond to Plaintiff's remaining demands:

1. Financial & Tax – Stripe ledgers; 2021-22 partnership returns; promissory notes and bus financing agreements.
2. Insurance – Certificates of insurance (Bates 0431-0451); full policies can be obtained from the broker if the Court so orders.
3. Regulatory – DOT sightseeing-bus permits and portal logs (Bates 0007-0022, 0176-0179, 0741-0742).
4. Workforce – DCWP license cards for ticket agents (Bates 0796-0857); driver time-log templates (Bates 0545-0549, 0580-0587).
5. Video Evidence – Index of 217 surveillance videos delivered May 21 2025; Defendants possess no additional, non-cumulative still photographs beyond the marketing images already produced.

Regarding bus maintenance and servicing, all such work is performed by independent third-party vendors at their facilities. Aurora maintains no internal servicing locations or methods, and drivers arrange maintenance independently with approved vendors. Beyond vendor invoices already produced, Aurora possesses no documents regarding servicing locations or methods. Finally, Defendants have no customer redirection or complaint documents. To the extent Plaintiff relies on its own customers' statements, those materials are equally available to Plaintiff.

Under Federal Rules of Civil Procedure 26(b)(2)(C)(i), discovery must be limited when requests are "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Because Plaintiff already holds the complete state-court production, compelling duplicate production would contravene proportionality under Rule 26. Accordingly, Defendants request that the Court (1) find that Defendants have substantially complied with their discovery obligations; (2) deny Plaintiff's request for sanctions; and (3) to the extent additional production is ordered, shift to Plaintiff any costs associated with duplicative or disproportionate requests. Defendants remain committed to cooperative, good-faith discovery.

As a final matter, Mr. Walters is counsel for Aurora in the state case and is scheduled for admission to practice law before this Court on the morning of Tuesday, July 29, 2025. He will then promptly enter an appearance in this case.

Respectfully submitted,

_____/s/_____
Charles M. Balistreri

cc: All Counsel of Record (via ECF Filing)

encl(1): Affirmation of Brandon Walters, Esq., dated July 25, 202.