UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x   No. 22-cv-10633 (DEH)(JW)
GO NEW YORK TOURS, INC. d/b/a TOP VIEW,
    *Plaintiff*,

                - against -

AURORA TOURISM SERVICES, LLC and
OLUWABAMISE JEGEDE,
    *Defendants*.
--------------------------------------------------------------- x

    BRANDON J. WALTERS, ESQ. deposes and states under penalty of perjury pursuant to 28 U.S.C. § 1746:

## I. INTRODUCTION AND AUTHORITY

1. I am an attorney duly admitted to practice before the Courts of the State of New York, and am scheduled to be admitted to practice law before this Court on Tuesday, July 29, 2025. I make this statement on behalf of Anes Friedman Leventhal & Balistreri, PLLC, counsel of record for Defendants Aurora Tourism Services, LLC ("Aurora") and Oluwabamise Jegede in the above-captioned action.

2. I submit this affidavit in accordance with the Court's June 25, 2025 Order (ECF No. 170), which requires that "all responses, regarding both production and non-production, shall be via an affidavit from an attorney or record keeper."

3. I have personal knowledge of the facts set forth herein based upon my direct involvement in discovery efforts, including conducting on-site document review, custodian interviews, and supervising the collection and production of responsive materials.

## II. DILIGENT SEARCH EFFORTS

4. On July 18, 2025, I personally conducted a comprehensive three-hour on-site inspection at Aurora's sole business office located at 10 Times Square, New York, NY 10018.

5. During this inspection, I conducted detailed interviews with Oluwaseun "Lister" Jegede ("Lister"), who is the Owner and Manager of Aurora.

6. I also interviewed Oluwatosin "Ope" Jegede ("Ope"), who serves as Office Manager and primary record keeper for Aurora.

7. These two individuals are the only persons with administrative access to Aurora's business systems.

8. I personally examined Aurora's office, and found no paper file cabinets, storage boxes, or desk files.

9. I reviewed and searched one (1) HP Envy laptop used for business operations.

10. I reviewed and searched company-issued mobile devices, including Mrs. Jegede's iPhone (347-920-9595).

11. In my presence Ope conducted targeted keyword searches across available electronic systems to identify documents responsive to the nine categories specified in Plaintiff's March 24, 2025 letter (Dkt. 161).

## III. SUMMARY OF PRODUCTIONS

12. In connection with the parallel New York State court action, on May 19, 2025, Defendants served a rolling, Bates-stamped production comprising 857 pages (Bates 0001-0857) that included contracts, financial statements, regulatory filings, marketing materials, fleet records, and insurance certificates.

13. On May 21, 2025, Defendants provided a detailed index of 217 surveillance videos along with secure download links for access.

14. Barton LLP acknowledged receipt of both productions via email confirmation.

## IV. RESPONSE TO PLAINTIFF'S NINE CATEGORIES OF ALLEGED DEFICIENCIES

### A. Category 1: Infringing Website Communications and Related Documents

15. In my presence Mrs. Jegede and Mr. Jegede searched for any communications with web developers or vendors regarding website creation.

16. Through my investigation, I confirmed that no documents related to third-party web developers exist for Aurora's website.

17. Mrs. Jegede administers the website directly using the HP Envy laptop and GoDaddy hosting services, without third party developers.

18. Aurora's website is hosted through GoDaddy.com using the email address contact@auroratourismservices.com.

19. No emails exist with web developers or investigators, as confirmed by Mrs. Jegede's searches of all available systems.

20. No trademark-infringement analyses exist in Aurora's possession.

### B. Category 2: Advertising and Marketing Materials

21. Aurora produced advertising materials, social media captures, and vendor invoices.

22. Marketing and website administration are handled exclusively by Mrs. Jegede using the HP Envy laptop.

23. I confirmed that no Aurora documents contain Plaintiff's "TopView" mark.

24. Responsive noncumulative marketing materials in Aurora's possession have been produced.

### C. Category 3: Financial Documents and Operational Costs

25. Aurora produced Stripe payment ledgers in its possession (Bates 0096-0100, 0050-054).

26. Aurora produced 2021-22 partnership returns.

27. Aurora produced promissory notes and bus financing agreements (Bates 0153-0200, 0259-0268).

28. Aurora maintains no general ledger, as accounting is conducted through third-party processors including ADP.

29. Through my investigation and interviews with Mr. Jegede, I confirmed that Aurora Tourism Services, LLC is organized as a single-member limited liability company with Mr. Jegede as the sole owner and manager.

30. As a single-member LLC, Aurora maintains no corporate bylaws, board minutes, resolutions, operating agreement, or shareholder records.

**D. Category 4: Insurance Documents**

31. Aurora produced certificates of insurance (Bates 0431-0451).

32. Full insurance policies are maintained by the insurance broker and not in Aurora's possession.

33. Aurora has produced all insurance-related documents within its possession, custody, or control.

**E. Category 5: Regulatory Agency Communications**

34. Aurora produced DOT sightseeing-bus permits and portal logs (Bates 0007-0022, 0176-0179, 0741-0742).

35. Additional ticket violations are not in Aurora's possession but available from the NYC Clerk's office at 66 John Street.

36. All regulatory documents maintained by Aurora have been produced.

**F. Category 6: Customer Redirection and Complaint Records**

37. In my presence, Mrs. Jegede conducted comprehensive searches on Aurora's systems for customer complaint or redirection documents.

38. We found no customer complaint or redirection documents after searches of Aurora's systems.

39. Aurora maintains no such records.

### G. Category 7: Bus Scheduling, Parking, and Operational Locations Information

40. Day-to-day driver scheduling occurs via transient text messages from Mrs. Jegede's iPhone.

41. No centralized database or preservation system exists for such scheduling communications.

42. Aurora produced driver time-log templates (Bates 0545-0549, 0580-0587) and extensive maintenance logs for its buses.

43. The transient nature of text message scheduling means these communications are not retained, however ADP maintains custodianship of Aurora's payroll records.

### H. Category 8: Failure to Produce Electronically Stored Information (ESI)

44. In my presence, Mrs. Jegede personally searched all electronic devices and systems accessible to Aurora: a. One (1) HP Envy laptop b. Mrs. Jegede's iPhone (347-920-9595)

45. The searches included all local device drives on computers and laptops.

46. No further responsive emails and electronic documents were found during these searches that have not already been produced.

### I. Category 9: Failure to Produce Photographs and Surveillance Materials

48. Aurora provided an index of 217 surveillance videos delivered May 21, 2025.

49. Defendants possess no additional, non-cumulative still photographs beyond the marketing images already produced.

50. All photographs and videos in Aurora's possession have been produced or indexed.

## V. EMPLOYEE AND COMPENSATION RECORDS

51. Aurora identifies ADP as the custodian of its payroll and accounting records. A search of Aurora's offices and electronic devices by Mrs. Jegede did not identify any further payroll or compensation records not already produced.

52. Aurora produced DCWP license cards for ticket agents (e.g. Bates 0796-0800).

53. Underlying time-clock data resides exclusively with ADP and is not in Aurora's possession.

54. Agents are compensated through a ticket stub redemption system. Mrs. Jegede reports that she maintains a week to week running stub sheet, but that Aurora does not maintain or keep such records beyond their immediate use.

## VI. CERTIFICATION

I certify that the productions delivered to Plaintiff on May 19, 2025 and May 21, 2025 represent the responsive, non-privileged documents within Aurora's possession, custody, or control. Documents that reside exclusively with third-party custodians have been identified and explained in Defendants' correspondence. Documents that do not exist due to Aurora's business structure or practices have been identified and explained. Documents publicly available from government sources have been identified as such. The search efforts described herein were conducted in good faith. All responsive, non-privileged documents identified through these efforts have been produced to Plaintiff's counsel. I hereby certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct based upon my personal knowledge and diligent investigation.

Dated: July 25th, 2025
New York, New York

_____/s/_____
BRANDON J. WALTERS, ESQ.
Anes Friedman Leventhal & Balistreri PLLC
52 Duane Street, 7th Floor
New York, NY 10007
(212) 960-8069